UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                 'O'

| Case No. | 2:26-cv-02956-CAS-MBKx | Date | April 29, 2026 |
|---|---|---|---|
| Title | John Andraos v. The Travelers Indemnity Company et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - THE TRAVELERS INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 13, filed on April 2, 2026)

## I.   INTRODUCTION

The Court finds that this matter may be appropriately decided without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On February 10, 2026, plaintiff John Andraos filed this action against defendant The Travelers Indemnity Company ("Travelers") and The Standard Fire Insurance Company ("Standard Fire"). Plaintiffs' complaint asserts two causes of action: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Dkt. 1-1.

On March 19, 2026, defendants removed plaintiffs' action to this Court on the basis of diversity jurisdiction. Dkt. 1.

On April 2, 2026, Travelers filed the instant motion to dismiss plaintiffs' complaint. Dkt. 13-1 ("Mot."). On April 20, 2026, plaintiff filed an opposition. Dkt. 15 ("Opp."). On April 27, Travelers filed a reply. Dkt. 18 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-02956-CAS-MBKx | Date | April 29, 2026 |
|----------|------------------------|------|----------------|
| Title | John Andraos v. The Travelers Indemnity Company et al. | | |

## II.   BACKGROUND

Plaintiff alleges the following in his complaint.

Defendants Travelers and Standard Fire issued plaintiff a homeowner's insurance policy, No. 610854884-636-1 (the "Policy") covering plaintiff's residential property located at 11 4455 Los Feliz Boulevard, Apartment 103, Los Angeles, CA 90027 (the "Property"). Compl. ¶ 8.

The Policy, attached to the complaint, was in full force and effect at all relevant times and included coverage for, among other things, the building, personal property and loss of use at the Property in the event of a covered loss. Id. ¶ 9. In exchange for payment of the insurance premiums, defendants agreed to provide the insurance coverage described in the Policy. Id. ¶ 10. Plaintiff timely paid all premiums that were due under the Policy. Id. ¶ 11.

On or about January 7, 2025, a destructive wildfire erupted in the foothills of Los Angeles County (the "Eaton Fire") which resulted in extensive destruction throughout the surrounding communities. Id. ¶ 12. Plaintiff's Property and personal property were damaged by ash, soot, and smoke as a result of the Eaton Fire (the "Incident"). Id. ¶ 13. On or about January 20, 2025, Plaintiff reported the Incident and submitted a claim to defendants, Claim No. I1S1709 (the "Claim"). Id. ¶ 14.

After plaintiff timely reported the Claim, defendants became obligated to conduct a fair and thorough investigation and promptly pay plaintiff the benefits owed under the Policy for the losses and damages sustained as a result of the Incident. Id. ¶ 15.

Shortly after the Incident, plaintiff retained a hygienist, Elite Environmental, Inc. ("Elite Environmental"), to assess for the presence of soot and ash. Id. ¶ 17. Elite Environmental issued a report and recommended the intervention of a professional fire restoration contractor. Id. A copy of the estimate was provided to defendants. Id.

On or about February 2, 2025, defendants inspected the property. Id. ¶ 18. Since timely reporting the Claim to defendants, plaintiff and his counsel have sought quick and equitable resolution of the Claim, thoroughly complied with Policy conditions, and fully cooperated with Defendants' purported investigation. Id. ¶ 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-02956-CAS-MBKx | Date | April 29, 2026 |
|---|---|---|---|
| Title | John Andraos v. The Travelers Indemnity Company et al. | | |

Despite its continued representations to the contrary, defendants have been dilatory in the handling of the Claim and failed to fully compensate plaintiff for the damages and losses he sustained as a result of the Incident.  Id. ¶ 20.

Throughout its handling and investigation of the Claim, defendants assigned the Claim to a field adjuster who inspected the Property but did not confer nor retain any experts, including but not limited to a hygienist, to properly assess the full extent of damages the Property sustained from the loss.  Id. ¶ 21.

To date, defendants have only paid $5,783.01 for plaintiff's dwelling and personal property damages.  Id. ¶ 22.

At all times relevant herein, defendants joined and associated together by way of contract, arrangement, joint venture, employment agreement or otherwise in connection with the underwriting, solicitation, insurance transaction, claim procedures, inspections, adjustments and investigations of the Claim.  Id. ¶ 23.

Despite repeatedly insinuating otherwise throughout its purported investigation, defendants had, and still have, no intention of fairly compensating plaintiff for the losses and damages arising out of the Incident and devised a scheme to avoid doing so.  Id. ¶ 24.

Despite being presented with evidence that supports affording coverage under the Policy for the Incident, defendants intentionally chose to ignore such evidence and other information readily available to them, failed to equitably adjust and investigate the Claim, and continue to refuse paying insurance benefits to which plaintiff is entitled.  Id. ¶ 25.

Further, defendants failed to follow the fair claim settlement regulations as required by California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, beginning with 11 section 2695.1, which provides for the timely response of carriers to claims and other communications, recordkeeping, training and certification, and other standards of conduct with regard to the fair handling of claims.  Id. ¶ 26.

Defendants' conduct demonstrates outrageous, fraudulent, oppressive, and malicious treatment of plaintiff, as well as a reckless disregard for its continuing duties owed to plaintiff.  Id. ¶ 27.  Defendants' conduct was and is intentional, oppressive, and employed maliciously to oppress and coerce plaintiff to abandon his Claim, in furtherance of defendants' financial gains.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:26-cv-02956-CAS-MBKx | Date | April 29, 2026 |
|---|---|---|---|
| Title | John Andraos v. The Travelers Indemnity Company et al. | | |

Defendants acted in bad faith, placing their own financial interest ahead of the interest of their policy holder.  Id. ¶ 28.  The conduct of defendants' employees, agents, and/or contractors was authorized or ratified by defendants' officers, directors and/or managing agents, who had the requisite advance, knowledge and conscious disregard.  Id.

As a result of defendants' failure to protect plaintiff s interests, plaintiff has been forced to engage legal counsel to protect his interests and has been forced to expend and incur further significant costs, out of his own pocket, for mitigation services, contractors, building repairs, and other foreseeable and consequential damages.  Id. ¶ 29.

### III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-02956-CAS-MBKx | Date | April 29, 2026 |
|----------|------------------------|------|----------------|
| Title | John Andraos v. The Travelers Indemnity Company et al. | | |

plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

Travelers moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's complaint against it. Mot. at 1. Travelers argues that plaintiff's claims against it fail because Travelers did not issue the insurance policy that forms the basis for plaintiff's claims. Id. at 3. Rather, Travelers argues that its subsidiary Standard Fire issued the Policy. Id. at 3-4.

In opposition, plaintiff argues that Travelers is a proper defendant because the Policy identifies Standard Fire as "a subsidiary or affiliate of [Travelers]." Opp. at 9 (quoting dkt. 1-1 (the "Policy") at 3). Plaintiff argues that the "fact that Travelers chose to issue the policy through a subsidiary [Standard Fire] does not insulate Travelers from liability when, as alleged here, Travelers held itself out as the insurer and directly managed the Claim." Id. Moreover, plaintiff argues that the Policy provides "Travelers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:26-cv-02956-CAS-MBKx | Date | April 29, 2026 |
|---|---|---|---|
| Title | John Andraos v. The Travelers Indemnity Company et al. | | |

Protect Plus®" coverage, an apparently proprietary, trademarked Travelers product, defines "'We,' 'us,' and 'our'" as "the member company of Travelers providing the insurance," and identifies Travelers by name on every single page of the Policy, which itself is entitled "Travelers Insurance Policy." Id. at 9-10.

In reply, Travelers argues that the complaint contains no allegations that Travelers and Standard Fire operate as part of an interinsurance exchange, no allegations that Travelers was an appointed attorney-in-fact for Standard Fire, and no allegations that plaintiff would be without redress unless he were permitted to proceed against Travelers. See reply at 4. Travelers also argues that "[t]he use of the Travelers' form [for the Policy] does not make Travelers a party to the contract." Id. at 5.

The Court finds that plaintiff may maintain his claims against Travelers at this stage. Plaintiff's complaint alleges that both "[d]efendants Travelers and Standard Fire issued plaintiff [the Policy]." Compl. ¶ 8. Plaintiff further alleges that "defendants joined and associated together by way of contract, arrangement, joint venture, employment agreement or otherwise in connection with the underwriting, solicitation, insurance transaction, claim procedures, inspections, adjustments and investigations of the Claim [filed pursuant to the Policy]." Id. ¶ 23. While a certain part of the Policy, which plaintiff refers to in his complaint, suggests that Travelers is not a party to the Policy, see Policy at 3 (stating that "Your Insurer" is "THE STANDARD FIRE INSURANCE COMPANY"), other aspects of the Policy support plaintiff's allegations that Travelers is a party to the Policy. See Policy at 4 (providing "Travelers Protect Plus® coverage"). Disputes of fact are not appropriately resolved on a motion to dismiss, in which plaintiff's well-pleaded allegations must be taken as true. Travelers' citations to caselaw in support of its argument are inapposite because those cases involved motions for summary judgment in which there was no dispute that the insurance company pursuing summary judgment was not a party to the insurance policy. See Monaco v. Liberty Life Assur. Co., No. C06-07021 MJJ, 2007 WL 420139, at *4 (N.D. Cal. Feb. 6, 2007); Wady v. Provident Life & Accident Ins. Co. of Am., 216 F. Supp. 2d 1060, 1065–66 (C.D. Cal. 2002).

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** Travelers' motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL ‘O’

| Case No. | 2:26-cv-02956-CAS-MBKx | Date | April 29, 2026 |
|---|---|---|---|
| Title | John Andraos v. The Travelers Indemnity Company et al. | | |

Travelers shall file an answer to the complaint within fourteen (14) days of this order.

The Court **VACATES** the hearing scheduled for May 11, 2026.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |